9

PHILLIP GILLET, JR.
ATTORNEY AT LAW
1705 27TH STREET
BAKERSFIELD, CALIFORNIA 93301-2807
(661) 323-3200 • FACSIMILE (661) 323-3078
Phillip W. Gillet, Jr., State Bar No. 214914
lawyer@bak.rr.com
Attorney for debtor[1]

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:

STEPHANIE DORA LANCASTER

        Debtor.

Address:  13503 Coco Palm Court
              BAKERSFIELD, CA 93314

Social Security No(s). or ITIN:
        xxx-xx-2979

Employer Tax ID No(s). (if any):

Case No.: 13-14438-A-13
DC No. PWG-1
Chapter 13

DATE: January 22, 2014
TIME: 9:00 a.m.
PLACE: U.S. Courthouse
510 19th Street
Bakersfield, California
JUDGE: Hon. Fredrick E. Clement

**DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING FEE APPLICATION.**

I. **JURIDICTION IS PROPER AS FEE APPLICATIONS ARE CORE MATTERS CONCERNING THE ADMINISTRATION OF THE ESTATE.**

The bankruptcy court has subject matter jurisdiction under 28 U.S.C. section 1334. Awards of professional fees are core matters concerning administration of the estate. 28 U.S.C. section 157(b)(2)(A). The Court has jurisdiction under 28 U.S.C. section 158.

II. **COUNSEL FOR DEBTOR IS NOT REQUIRED TO OBTAIN COURT APPROVAL UNDER SECTION 327.**

11 U.S.C. section 1303 describes the rights and powers of a chapter 13 debtor. The debtor has, exclusive of the trustee, the rights and powers of a trustee under 11 U.S.C. sections 363(b),

---

[1] The term "debtor" includes both singular and plural. *See* 11 U.S.C. § 102(7).

363(d), 363(e), 363(f) and 363(l). 11 U.S.C. section 1302 describes the duties of a chapter 13 trustee. A chapter 13 debtor does not have all the rights and the duties of a trustee in chapter 7 or 11. 11 U.S.C. § 1303(b). There are differences between the duties of a chapter 13 trustee and trustees under chapter 7 and 11. *See* 11 U.S.C. § 1302 *cf.* 11 U.S.C. §§ 704(a), 1107(a).

It has been held that the requirement of court approval under section 327 does not apply to a debtor's retention of counsel in cases under chapter 13 of the Bankruptcy Code. *See In re Bell*, 212 B.R. 654, 656 (Bankr. E.D. Cal. 1997); *see also Law Office of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006). This suggestion was further supported by the United States Supreme Court in *Lamie v. United States Trustee*, 540 U.S. 526 (2004), when the court distinguished compensation to counsel for a debtor in chapter 12 or chapter 13 under 11 U.S.C. section 330(a)(4)(B) from counsel to a debtor in chapter 11 under 11 U.S.C. section 330(a)(1). The Supreme Court concluded that section 330(a)(1) required court approval, while section 330(a)(4)(B) did not. *Id*.

### III. FEE APPLICATION HEARINGS WITH 21 DAYS NOTICE ARE REQUIRED WHEN THE FEE APPLICATION REQUESTS MORE THAN $1,000.

Federal Rules of Bankruptcy Procedure 2016 requires a person seeking compensation for services or reimbursement of necessary expenses, from the estate, to file an application with a detailed statement of: (1) the services rendered, time expended and expenses incurred; and (2) the amount requested. Federal Rules of Bankruptcy Procedure 2002(a) requires 21 days notice by mail of a hearing on a fee application that requests more $1,000.00. Fed. R. Bankr. P. 2002(a)(6). Therefore, fee applications for $1,000 or less may be approved on an *ex parte* basis. *See* Fed. R. Bankr. P. 2002(a)(6); *see also In re Pedersen*, 229 B.R. 445, 449 (Bankr. E.D. Cal. 1999). The notice of any hearing shall identify the applicant and fees requested. Fed. R. Bankr. P. 2002(c)(2).

Notices, when required, shall be mailed to the last address requested in a filing by the creditor in a particular case. Fed. R. Bankr. P. 2002(g)(1). A proof of claim or proof of security interest filed in a particular case constitutes a request for notice at that address. Fed. R. Bankr. P. 2002(g)(1) & (2). If a party has not filed a proof of claim, proof of security interest or request for special notice, notice by mail at the last filed address on the schedules is sufficient. Fed. R. Bankr. P. 2002(g)(2).

Any legal representative of an infant or an incompetent person shall receive notice by mail at the address on the schedules and any address listed on the proof of claim. Fed. R. Bankr. P. 2002(g)(3). The notice provider and any entity may agree to service at any address in the manner agreed to by the parties. Fed. R. Bankr. P. 2002(g)(4).

All applications requiring hearings are motions under Local Bankruptcy Rule (LBR) 9014-1(a). An application is not a contested matter under Fed. R. Bankr. P. 9014, so service under Federal Rules of Bankruptcy Procedure 2002 is sufficient. LBR 9014-1(d)(4) allows the service of the notice of application only as long as the applicant and amounts requested are identified. Fed. R. Bankr. P. 2002(c)(2). The notice must also sufficiently describe the nature of the relief requested and sets forth the essential facts necessary for a party to oppose the motion. LBR 9014-1(d)(4).

Each motion, opposition and reply shall cite the legal authority relied upon. LBR 9014-1(d)(5). Every motion shall be accompanied by evidence establishing its factual allegations and demonstrating that the movant is entitled to the relief requested. LBR 9014-1(d)(6). Declarations shall comply with Federal Rules of Civil Procedure 56(e). LBR 9014-1(d)(6).

### IV. TIME RECORDS MUST LIST THE ACTIVITY, THE DATE OF PERFORMANCE, THE PARTY PERFORMING, TIME SPENT AND THE HOURLY RATE IN CHRONOLOGICAL ORDER THAT ADEQUATELY DESCRIBES THE WORK PERFORMED.

General organization of fee applications under 11 U.S.C. section 330 may vary in accordance with particular office's accounting structure, but time records should be kept and reported chronologically rather than by attorney. *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988). Every application for attorney fees must include a specific analysis of each task for which compensation is sought. The application should list and describe the activity, the date it was performed, the attorney or other professional who performed the work, the time spent on the work and the individual's hourly rate. *In re Pettibone Corp.*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987). While some courts may require services to be categorized into general and specific areas of concentration and separately analyzed with an accompanying narrative, this is not necessary if the application adequately and chronologically describes the work performed during the progression of the case. *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988).

DEBTOR'S MEMORANDUM POINTS AND AUTHORITIES SUPPORTING FEE APPLICATION

PHILLIP GILLET, JR.
ATTORNEY AT LAW
1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org

Attorneys are entitled to their regular hourly rate for time spent preparing fee applications. *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985). Compensation may be awarded for successfully litigating the fee application (i.e., by defending against objections to the fee application). *See Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F.3d 918, 928–29 (9th Cir. 2002) *abrogated on other grounds by Lamie v. U.S. Tr.*, 540 U.S. 526 (2004). Attorney's fees of the debtor are paid out of estate funds. Lynn M. LoPucki & Joseph W. Doherty, *Routine Illegality in Bankruptcy Court Fee Practices*, 83 Am Bankr. L. J. 141. The Bankruptcy Code's entire fee control apparatus in sections 327 through 330 exists to address "the temptation of a failing debtor to deal too liberally with his property in employing counsel." *In re Whitman*, 51 B.R. 502 (Bankr. D. Mass 1985) (quoting *In re Wood & Henderson*, 210 U.S. 246, 253 (1908).)

### V. ATTORNEY'S REASONABLE FEES SHALL BE DETERMINED USING THE "LODESTAR METHOD."

In an individual chapter 12 or 13 case, the court may allow reasonable compensation to the debtor's attorney for representing and protecting the interests of the debtor in the bankruptcy case based on a consideration of the benefit and necessary of service to the debtor and the other facts set forth in section 330. 11 U.S.C section 330(a)(4)(B); *see also In re Pair*, 77 B.R. 976 (Bankr. N.D. Ga. 1987). Unless the attorney agrees to accept a flat rate fee, the customary method for ascertaining a reasonable fee for debtor's counsel in a Chapter 13 case is the lodestar, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo),* 468 F.3d 592, 598 (9th Cir. 2006). Counsel is entitled to reasonable compensation for protecting debtor's interests. *In re Pair*, 77 B.R. 976 (Bankr. N.D. Ga. 1987). The primary method used to determine determining a reasonable attorney fee in a bankruptcy case is to multiply the hours expended by a reasonable rate. *In re Yermakov*, 718. F.2d 1465, 1471 (9th Cir. 1983). Outside the Ninth Circuit, this has been referred to as the "lodestar method." *In re Powerline Oil Co.*, 71 B.R. 767 (B.A.P. 9th Cir. 1986).

To determine whether a professional's hourly rate is reasonable, the court must consider the prevailing market rate in the relevant community. The prevailing market rates are those, which are comparable with the rates "in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Gates v. Deukmajian*, 987 F.2d 1392, 1405 (9th Cir. 1992).  There is a "strong presumption" that payment of one's standard hourly rates constitutes "reasonable compensation."  *Burgess v. Klenske (In re Manoa Finance Company, Inc.)*, 853 F.2d 687, 692 (9th Cir. 1988).  The amount of compensation awarded is based on the time, the nature, the extent, and the value of the services and the cost of comparable services in non-bankruptcy cases. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir. 1985).  The court does have equitable power to award attorney's fees and costs reasonably earned or incurred even though all technical requirements have not been strictly observed. *In re Sayegh*, 62 B.R. 601 (Bankr. S.D. Tex. 1986).

Debtor's counsel in consumer case fee applications is to be judged using the same standard as business cases. 3-329 Collier on Bankruptcy ¶ 329.04[1][a].  Attorney's fees in chapter 11 cases are not nickel-and-dimed.  Lois R. Lupica, *The Consumer Bankruptcy Fee Study Final Report*, 20 AM. BANKR. INSTITUTE L. REV. 17 (available at http://www.abiworld.org/Fee_Study/CFSFinalReport_Final_Dec7.pdf.  "Chapter 13 counsel fees should be examined for the same balance between administrative cost and benefit to creditors that their bigger cousins enjoy." *Id*.  11 U.S.C section 330(a)(3) imposes a five-factor test for awarding fees.

> **(3)** In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> **(A)** the time spent on such services;
> **(B)** the rates charged for such services;
> **(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> **(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> **(E)** with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> **(F)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

**VI.    ATTORNEYS' FEES TO COUNSEL FOR THE DEBTOR ARE ADMINISTRATIVE EXPENSES ENTITLED TO PRIORITY OF PAYMENT.**

PHILLIP GILLET, JR.
1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org
ATTORNEY AT LAW

Attorneys' fees to debtor's counsel are administrative expenses under 11 U.S.C sections 503(b)(2) and 330(a)(4)(B) and are entitled to priority under 11 U.S.C. section 507(a)(1). *In re Hallmark*, 225 B.R. 192 (Bankr. C.D. Cal. 1998). Both pre- and postpetition services are priority administrative expenses. *In re Busetta-Silvia*, 314 B.R. 218 (B.A.P. 10th Cir. 2004). Section 1326(b)(1) of the Code provides that any unpaid claim of the kind specified in section 507(a)(1) shall be paid at the time of each payment to creditors under the plan. Section 1326(b)(1) ordinarily entitles the debtor's attorney in a chapter 13 case to be paid fee before or at the same time as payment to other creditors under a confirmed plan. *In re Hallmark*, 225 B.R. 192 (Bankr. C.D. Cal. 1998). The plan can pay attorneys' fees as administrative expenses in advance of payments to other claim holders. *In re Tenny*, 63 B.R. 110 (Bankr. W.D. Okla. 1986). One reported decision approved the creation of a $2,000 fund from payments to the trustee during the first 30 days of the plan to pay attorneys' fees before other creditors. *In re Meadows*, 297 B.R. 671-74 (Bankr. E.D. Mich. 2003). In fact in one district, the first available funds to be distributed go to the payment of the attorneys' fees. *See In re Rogers*, 239 B.R. 883, 886-90 (Bankr. E.D. Tex. 1999). This district's chapter 13 plan under section 4.02 indicates the debtor's attorney fees are paid prior to any payment of Class 1 arrears claims. The court in *Rogers* found that section 1326(b)(1) authorized this practice.

The time of payment of administrative expenses is within the discretion of the bankruptcy court under 11 U.S.C. section 503. *Rus, Miliband & Smith, APC v. Yoo (In re Dick Cepek, Inc.* 339 B.R. 730 (B.A.P. 9th Cir. 2006) *citing In re American Resources Management Corp.*, 51 B.R. 713 (Bankr. D. Utah 1985). The court may approve "any reasonable terms and conditions of […] employment…". *See In re Circle K Corporation*, 279 F.3d 669 (9th Cir. 2002). The reasonableness of a fee agreement between the debtor and the debtor's attorney is within the sound discretion of the bankruptcy court. *In re Dividend Dev. Corp.*, 145 B.R. 651 (Bankr. C.D. Cal. 1992). Counsel fees must be paid before distribution to other creditors. *In re Bellamy*, 379 B.R. 86 (Bankr. D. Md. 2007). The standard for the awarding of fees in consumer bankruptcy cases is the same as in other bankruptcy cases, the value of comparable services in nonbankruptcy matters of similar difficulty. 3-329 Collier on Bankruptcy ¶ 329.04[1][a]. Any award of interim compensation under 11 U.S.C. section 331 is within discretion of the court and will be considered based upon the

DEBTOR'S MEMORANDUM POINTS AND AUTHORITIES SUPPORTING FEE APPLICATION

1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org
PHILLIP GILLET, JR.
ATTORNEY AT LAW

circumstances of the particular case. *In re Nana Daly's Pub., Ltd.*, 67 B.R. 782 (Bankr. E.D. N.Y. 1986).

When counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. *In re Knutsen Corp.*, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988). This result is improper and may discourage qualified practitioners from participating in bankruptcy cases. *Id*. This is clearly contrary to Congressional intent. *Id. citing* S. Rep. No. 95-989, *supra* at 40-41; H.R. Rep. No. 95-595, *supra* at 329-30. Debtor's counsel accepting fees paid through the plan is a major attraction of chapter 13 for debtors unable to fully pay the attorney's fees prior to filing. Keith M. Lundin, CHAPTER 13 BANKRUPTCY, 3d Edition (2000 & Supp. 2004), §25.4 at p. 25-9. Counsel risks the debtor's nonperformance by accepting attorneys' fees through the plan. *Id*. An efficient and effective chapter 13 counsel should be well paid. *Id*. Nothing in 11 U.S.C. section 1326(b)(1) requires debtor's attorney to delay the payment of attorney's fees to provide depreciation protection of a creditor's collateral. *In re Harris*, 304 B.R. 751 (Bankr. E.D. Mich. 2004).

An interim fee is designed to provide counsel with compensation during the pendency of a case and thereby eliminate the economic pressures that can sometimes afflict bankruptcy lawyers when a case lasts many months, and often many years. 3 Collier on Bankruptcy ¶ 331.LH (Matthew Bender 15th ed. Revised). Allowance of interim fees also creates the possibility that counsel may accept a smaller retainer at the outset, if there is a substantial likelihood of periodic payment during the case. 7 Collier Bankruptcy Practice Guide ¶ 7.04[2].

Chapter 13 practice is essentially contingent fee work with no upside. An estimated two-thirds of Chapter 13 plans ultimately fail. *See, e.g.*, Katherine Porter, The Pretend Solution: An Empirical Study of Bankruptcy Outcomes, 90 TEX. L. REV. 103, 107-11 (2011) (summarizing studies published from 1989 through 2006, all concluding that only one in three chapter 13 cases completed a reorganization plan and noting that the ratio of discharge to dismissal or conversion has persisted for more than thirty years); *see also* Scott F. Norberg & Andrew J. Velky, *Debtor Discharge and Creditor Repayment in Chapter 13*, 39 Creighton L. Rev. 473, 509 n.74 (2006) ("[D]ata . . .show a continuation of the [Chapter 13 plan] failure rate at about two-thirds.") *citing* Lynn M.LoPucki, *Common Sense Consumer Bankruptcy*, 71 AM. BANKR. L.J. 461, 474-75 (1997); *see also* National

1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org
PHILLIP GILLET, JR.
ATTORNEY AT LAW

Bankruptcy Review Commission, *Bankruptcy: The Next Twenty Years* 233 (1997), *available at* http://govinfo.library.unt.edu/nbrc/report/08consum.pdf.

### VII. A WRITTEN FEE AGREEMENT IS A CONFIDENTIAL COMMUNICATION AND SHOULD NOT BE DISCLOSED IN THE FEE APPLICATION.

A written fee contract is a confidential communication within the meaning of Business & Professions Code section 6068(e). Cal. Bus. & Prof. Code § 6149. The attorney must maintain inviolate confidence to preserve the secrets of his client. Cal. Bus. & Prof. Code § 6068(e)(1). While Evidence Code section 958 allows an attorney to reveal confidences to defend against a fee dispute, however, section 958 only applies when the client or the attorney charges the other with a breach of their duty. *Gross Belsky Alonso LLP v. Edelson*, 2009 LEXIS 49260 (N.D. Cal. 2009) at p. *10 *citing In re Dimas LLC*, 357 B.R. 563 (Bankr. N.D. Cal. 2006); *see also Glade v. Superior Court*, 76 Cal. App. 3d 738, 746 (1978). There is no exception to the duty to preserve client confidences in a case brought by a third party. *Dietz v. Meisenheimer & Herron*, 177 Cal. App. 4th 771, 786 (2009). "Privileged communication do not become discoverable because they are related to issues raised in litigation." *Schlumberger Limited v. Superior Court*, 115 Cal. App. 3d 386, 392 (1981). Therefore, a copy of the written fee agreement is not included with this fee application.

### VIII. THE COURT MAINTAINS DISCRETION UNDER 11 U.S.C. § 349 TO DETERMINE THE PAYMENT OF FEES HELD BY THE TRUSTEE UPON DISMISSAL OR CONVERSION.

The court maintains jurisdiction over funds disbursed in a chapter 13 bankruptcy even after dismissal. *See In re Tran*, 309 B.R. 330, 334-35 (B.A.P. 9th Cir. 2004); *see also Wesley Medical Center v. Wallace (In re Wallace)*, 46 B.R. 807 (Bankr. W.D. Mo. 1984). The dismissal of a petition in bankruptcy does not bar an application for compensation for services rendered in connection with the bankruptcy case. *U.S.A. Motel Corporation v. Danning*, 521 F.2d 117 (9th Cir. 1975). Section 349 expressly gives the court discretion to determine how funds are distributed upon dismissal or conversion of a case. *See In re Tran*, 309 B.R. 330, 334-35 (B.A.P. 9th Cir. 2004) (recognizing the circumstances in *In re Witte*, 279 B.R. 585, 588 (Bankr. E.D. Cal. 2002).). Therefore, the request for

PHILLIP GILLET, JR. — 1705 27TH STREET • BAKERSFIELD, CA 93301-2807 • (661) 323-3200 • FACSIMILE (661) 323-3078 • www.bakersfieldlaw.org — ATTORNEY AT LAW

an order to distribute any funds held by the trustee upon conversion or dismissal to the debtor's counsel is appropriate and should be ordered by the court. This is what happens preconfirmation under 11 U.S.C. section 1326(a)(2). There is no reason that the court-approved attorney's fees and expenses should not be paid prior to a refund to the debtor that incurred those expenses. Furthermore, the debtor has specifically agreed to this treatment in the declaration in support of this application.

### IX.   CONCLUSION

Based upon the preceding authority, the declarations of Phillip W. Gillet, Jr. and the debtor, time records in the exhibits and all other evidence properly before the court, the court should find: (1) the court has jurisdiction; (2) notice is proper; (3) the time spent and expense paid were necessary and beneficial to the estate; (4) the hourly rates are reasonable; (5) the administrative expenses for attorney's fees are entitled to priority payment under 11 U.S.C. section 507(a)(1); and (6) the approved administrative expenses should be paid by the trustee upon dismissal or conversion for all approved attorney's fees and expenses prior to refunding any money to the debtor. Therefore, the application for fees and costs should be approved.

Respectfully submitted,

DATED: November 18, 2013                    By: _____

Phillip W. Gillet, Jr.